# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

**CURTIS ETHERTON** and
**CHAD FULLER,**

    *Plaintiffs*,

**v.**

**SERVICE FIRST LOGISTICS, INC.**, a Michigan Corporation, **ROYCE NEUBAURER**, an individual and **JULIE JONES**, an individual, jointly and severally,

    *Defendants*.

Case No.:
Hon.:

---

**VAN SUILICHEM & ASSOCIATES, P.C.**
**By: Donald A. Van Suilichem (P25632)**
**and Kelly A. Van Suilichem (P69902)**
Attorneys for Plaintiffs
40900 Woodward Avenue, Suite 111
Bloomfield Hills, MI 48304
Telephone: (248) 644-2419
dvslawyer@dvsemploymentlaw.com
kelly.van@kvslaw.com

---

## **COMPLAINT**

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, or has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do Plaintiffs know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

NOW COME Plaintiffs, Curtis Etherton and Chad Fuller, by and through their attorneys, Van Suilichem & Associates, P.C., and for their Complaint against Service First Logistics, Inc., Royce Neubaurer, and Julie Jones (collectively "Defendants"), jointly and severally, states as follows:

## JURISDICTION AND VENUE

1. Plaintiffs brings this action for violations of the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 USC §207(a) and 29 USC §216(b), and MCL 408.414a of the Michigan Workforce Opportunity Wage Act.

2. Plaintiff Curtis Etherton is an individual residing in the County of Oakland, State of Michigan.

3. Plaintiff Chad Fuller is an individual residing in the County of Oakland, State of Michigan.

4. Service First Logistics, Inc. ("Service First"), is a Michigan corporation with its principal place of business located at 3254 University Drive, Suite 180, Auburn Hills, MI 48326, County of Oakland, State of Michigan.

5. Defendant Royce Neubaurer ("Neubaurer") is an individual and upon information and belief resides in the State of Michigan.

6. Defendant Julie Jones ("Jones") is an individual and upon information and belief resides in the State of Michigan.

7. This Court has jurisdiction pursuant to 28 U.S.C. §1331, federal question, and ancillary jurisdiction over the overtime claims under Michigan MCL 600.605.

8. Venue is appropriate in Southern Division for the Eastern District of Michigan as the District in which all or part of the cause of action arose pursuant to 29 USC §207(a), 29 USC §216(b) and MCL 600.1627.

## THE PARTIES

9. Service First is an "asset based third-party logistics firm" which brokers the shipment of goods between companies needing goods moved and shipping/transportation companies who provide the transportation in interstate commerce.

10. Neubaurer is the President and CEO of Service First and has overall responsibility for compliance with the overtime pay requirements of the Fair Labor Standards Act.

11. Jones is the Director of Human Resources of Service First and has direct responsibility for compliance with the overtime pay requirement and time recording procedures of the Fair Labor Standards Act.

12. From April, 2014 until November 2014, Plaintiff Curtis Etherton was employed by Service First as an Assistant Broker.

13. From November 2014 until on or about October 7, 2016, Plaintiff Curtis Etherton was employed by Service First as a Senior Freight Broker.

14. From March 9, 2015 until November 24, 2015, Plaintiff Chad Fuller was employed by Service First as an Assistant Broker.

15. From November 24, 2015 until on or about October 3, 2016, Plaintiff Chad Fuller was employed by Service First as a Senior Freight Broker.

## GENERAL ALLEGATIONS

16. At all relevant times, Service First has been an employer within the meaning of Section 3(d) of the FLSA, 29 USC §203(d).

17. At all relevant times, Service First has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 USC §203(r) and subject to jurisdiction.

18. At all relevant times, Service First has been an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s) of the FLSA, 29

   USC §203(s)(1) as an enterprise that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000."

19. At all relevant times, Plaintiffs were employees within the meaning of Section 3(e) of FLSA, 29 USC §203(e).

20. At all relevant times, Plaintiffs were employees engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 USC §207.

21. At all relevant times, Service First was an employer within the meaning of MCL 408.412(d).

22. At all relevant times, Plaintiffs were employees within the meaning of MCL 408.412(c).

23. At all relevant times, Service First employed Plaintiffs within the meaning of MCL 408.412(b).

## FACTUAL ALLEGATIONS

24. Plaintiffs incorporate by reference paragraphs 1-23 as if fully restated.

25. Service First is an "asset based third-party logistics firm" matching shipping companies with customers.

26. Curtis Etherton began work at Service First in April 2014 as an Assistant Broker at a salary of $35,000 annually.

27. Etherton was promoted to Senior Freight Broker in November 2014 without a change in compensation.

28. Etherton's work as an Assistant Broker and/or Senior Freight Broker was primarily inside sales and is a non-exempt position.

29. Etherton customarily and regularly worked at Service First's place of business during standard business hours.

30. Etherton was also required to work outside of work during evenings, weekends and overnight.

31. Etherton was not paid for the time identified in paragraph 30.

32. Etherton's primary duty was to sell the service provided by Service First and was not related, directly or otherwise, to the management or general business operations of Service First as either an Assistant Broker or Senior Freight Broker.

33. Etherton did not exercise discretion and independent judgment as either an Assistant Broker or Senior Freight Broker.

    a. Etherton did not have authority to accept new customers or set credit limits;
    b. Etherton was required to work within a tight profit margin in making quotes;
    c. Etherton had a quota of calls he was expected to make each day;
    d. Etherton had to have prior approval to visit customers.

34. During his employment, Etherton regularly worked in excess of forty (40) hour per workweek which involved working through lunch and after normal work hours, at all hours at night, on holidays, and weekends.

35. Etherton was entitled to receive overtime pursuant to 29 U.S.C. §207(a)(1) for all hours in excess of forty (40) each workweek.

36. Etherton was not paid an overtime premium for hours worked in excess of forty (40) each workweek.

37. Chad Fuller began work at Service First on March 9, 2015 as an Assistant Broker at a salary of $35,000 annually.

38. Fuller was promoted to Senior Freight Broker on November 24, 2015 without a change in compensation.

39. Fuller's work as an Assistant Broker and/or Senior Freight Broker was primarily inside sales.

40. Fuller customarily and regularly worked at Service First's place of business during standard business hours.

41. Fuller was also required to work outside of work during evenings, weekends and overnight.

42. Fuller was not paid for the time identified in paragraph 41

43. Fuller's primary duty was to sell the service provided by Service First and was not related, directly or otherwise, to the management or general business operations of Service First as either an Assistant Broker or Senior Freight Broker.

44. Fuller did not exercise discretion and independent judgment as either an Assistant Broker or Senior Freight Broker.

    a. Fuller did not have authority to accept new customers or set credit limits;
    b. Fuller was required to work within a tight profit margin in making quotes;
    c. Fuller had a quota of calls he was expected to make each day;
    d. Fuller had to have prior approval to visit customers.

45. During his employment, Fuller regularly worked in excess of forty (40) hour per workweek which involved working through lunch and after normal work hours at all hours at night, on holidays and weekends.

6

46. Fuller was entitled to receive overtime pursuant to 29 U.S.C. §207(a)(1) for all hours in excess of forty (40) each workweek.

47. Fuller was not paid an overtime premium for hours worked in excess of forty (40) each workweek.

48. Service First had knowledge that Etherton and Fuller regularly worked in excess of forty (40) hours per workweek and in fact instructed both that they were to be available to meet customer needs 24/7 – 365 days per year.

49. Service First did not record or track the hour worked by Etherton or Fuller as required by the Fair Employment Standards Act.

50. Service First misclassified Etherton and Fuller as "exempt" from the overtime requirements of the FLSA in a deliberate attempt to avoid paying overtime pay.

51. In 2016, Service First implemented a plan to adjust wages for Senior Freight Brokers in response to the U.S. Department of Labor's Final Rule regarding exemptions to overtime.

52. Under the plan, Etherton and Fuller would become hourly employees at a rate of $10/hour with automatic authorization for additional twenty (20) hours of overtime which was represented as an opportunity to work these hours to return to their former rate of pay.

53. According to Service First, Etherton and Fuller would continue receiving approximately the same compensation if they worked sixty (60) hours each workweek.

## COUNT I
### (Violation of FLSA – Service First)

54. Plaintiffs incorporate by reference paragraphs 1-53 as if fully restated.

55. Count I arises from Defendant Service First's violation of the FLSA for its failure to pay overtime wages earned by Plaintiffs.

56. Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty (40) in a workweek.

57. Defendants violated the FLSA by failing to keep, make, and preserve accurate records of all time worked by Plaintiffs.

58. Defendants' violation of the FLSA was willful.

## COUNT II
### (Violation of FLSA – Neubaurer and Jones)

59. Plaintiffs incorporate by reference paragraphs 1-58 as if fully restated.

60. Count II arises from Defendants Neubaurer and Jones violation of the FLSA.

61. Defendants Neubaurer and Jones are individuals with control over Service First's financial affairs.

62. Defendants Neubaurer and Jones, through their actions or inactions, caused Service First to violate the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty (40) in a workweek.

63. Defendants Neubaurer and Jones, through their actions or inactions, caused Service First to violate the FLSA by failing to keep, make, and preserve accurate records of all time worked by Plaintiffs.

64. Defendants Neubaurer and Jones's violation of the FLSA was willful.

## COUNT III
### (Violation of Michigan Workforce Opportunity Wage Act)

65. Plaintiffs incorporate by reference paragraphs 1-64 as if fully restated.

66. Count III arises from Defendants' violation of the Michigan Workforce Opportunity Wage Act for its failure to pay overtime wages earned by Plaintiffs.

67. Defendants violated the Michigan Workforce Opportunity Wage Act by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty (40) in a workweek.

68. Defendants violated MCL 408.479 by failing to keep, make and preserve accurate records of all time worked by Plaintiffs.

69. Defendants' violation of the Michigan Workforce Opportunity Wage Act was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Curtis Etherton and Chad Fuller, request:

a. An Order finding Defendants liable pursuant to Section 16(b) of the FLSA for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount to 100% of the unpaid compensation found due to Plaintiffs;

b. An Order finding Defendants liable pursuant to the Michigan Workforce Opportunity Wage Act for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount of 100% of the unpaid compensation found due to Plaintiffs;

c. An Order awarding costs of this action;

d. An Order awarding reasonable attorneys' fees;

e. A Declaration and finding by the Court the Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

f. An Order awarding pre-judgment and post-judgment interest at the highest rate allowed by law; and

g. An Order granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs, Curtis Etherton and Chad Fuller, demand a trial by jury for all issues of fact.

*Complaint - Continued*

                                                      Respectfully submitted,
                                                     **VAN SUILICHEM & ASSOCIATES, P.C.**

                                                   By: s/Donald A. Van Suilichem
                                                        **Donald A. Van Suilichem (P25632)**
                                                 **and Kelly A. Van Suilichem (P69902)**
                                                 Attorneys for Plaintiffs
                                                 40900 Woodward Avenue, Suite 111
                                                 Bloomfield Hills, MI 48304
                                                 Telephone: (248) 644-2419
                                                 dvslawyer@dvsemploymentlaw.com
Dated: February 2, 2017                      kelly.van@kvslaw.com

10

651.001:DVS:PLS:[2017-02-02] 40882-Complaint